# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**TIMOTHY CHARLES MAYHEW,**

    **Plaintiff,**

v.                                               Case No. 5:18-cv-00379-Oc-02PRL

**JAIME E. RUBIO,**

    **Defendant.**

_____/

## ORDER

In his complaint, Plaintiff—a *pro se* state prisoner—brings claims related to his treatment by a physician at the Marion County Jail. Dkt. 1. Defendant has filed a motion to dismiss parts of Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and (6), to stay the case pending Plaintiff's pre-suit medical malpractice investigation, and to strike Plaintiff's claim for punitive damages. Dkt. 16. Plaintiff has responded in opposition. Dkt. 28. Upon consideration, Defendant's motion is denied.

**I.**     **BACKGROUND AND ALLEGATIONS OF PLAINTIFF'S COMPLAINT**

For purposes of this Order, the Court accepts as true the allegations of Plaintiff's complaint and applies the liberal pleading standard for *pro se* litigants.

Although Plaintiff's complaint does not specifically so state, it appears that all events described in the document occurred while he was incarcerated at the Marion County Jail, and the Court assumes as much for purposes of this Order.

Defendant is a physician at the Marion County Jail medical clinic. Dkt. 1 at 3. On July 30, 2014, the booking nurse under Defendant's authority erred by neglecting to document Plaintiff's history of seizures and his epilepsy diagnosis. *Id.* at 5. On October 5, 2014, Plaintiff was seen for scabies. His vital signs were abnormally low, and an EKG revealed a heart abnormality. *Id.* The heart abnormality was ignored, and Plaintiff was returned to his pod with no instruction on the condition and with no precautionary steps being taken. *Id.* at 6.

On October 31, 2014, Plaintiff stood for head count and lost consciousness. *Id.* His head struck a door frame, and he suffered a head injury. *Id.* Plaintiff remained unconscious for a time due to low pulse and blood pressure. *Id.* He was hospitalized and had heart surgery to install a "pacer" device. *Id.* After the surgery, Plaintiff suffered monumental pain, and epileptic seizures "ensued with a vengeance." *Id.* His vision was also impaired. *Id.* Defendant's failure to educate, treat, and monitor Plaintiff caused these injuries. *Id.* at 7.

Plaintiff discussed the seizures with Defendant, but Defendant said that the symptoms sounded like high- or low-blood sugar. *Id.* at 6. Defendant refused to acknowledge Plaintiff's epilepsy or treat it. *Id.* That failure caused Plaintiff to

2

suffer more injuries, and he has been hospitalized on more occasions. *Id.* at 7. Defendant also refused to abide by an ophthalmologist's recommendation that Plaintiff have a yearly exam and prescription update. *Id.* at 6-7. Plaintiff is currently permanently disabled. *Id.* at 7.

Plaintiff certified that he delivered his complaint to prison officials for mailing on July 17, 2018, and his complaint was docketed on July 23, 2018. Dkt. 1. In the "Statement of Claims" section of his complaint, Plaintiff identified the following claims: "medical negligence," "8th Amendment," and "14th Amendment." *Id.* at 5. He also checked "medical negligence" on the civil cover sheet he submitted with his complaint. *Id.* at 9. Plaintiff asks that the Court have all specialist recommendations pursued. *Id.* at 6, 8. He also asks the Court to award him $150,000 "for injustices suffered through pain and hardships from [Defendant's] neglect" and requests punitive damages. *Id.* at 8.

## II. **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their

"consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

A Rule 12(b)(1) motion challenges the existence of subject matter jurisdiction. Where, as here, a motion to dismiss for lack of subject matter jurisdiction directly challenges the merits of a plaintiff's federal claim, a court should find that subject matter jurisdiction exists and evaluate the motion under Rule 12(b)(6). *Bell v. HCR Manor Care Facility of Winter Park*, 432 F. App'x 908, 910 (11th Cir. 2011) (citations omitted).[1]

## III. <u>DISCUSSION</u>

In his motion, Defendant interprets Plaintiff's complaint as asserting three causes of action: medical malpractice under state law, violations of the Eighth Amendment of the federal Constitution, and violations of the Fourteenth Amendment of the federal Constitution. Based on that understanding, Defendant asks the Court to dismiss Plaintiff's medical malpractice claim because Plaintiff failed to comply with Florida's pre-suit requirements for filing such an action. Dkt. 16 at 3-6. He also asks the Court to stay the case until Plaintiff either completes the pre-suit investigation required under Florida law or drops the

---

[1] In this Order, unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

4

medical malpractice claim from his complaint. *Id.* at 7. In addition, Defendant asks the Court to dismiss Plaintiff's Eighth Amendment claim with prejudice for lack of subject matter jurisdiction because Plaintiff was a pretrial detainee at the time of the events described in the complaint, and, thus, the Eighth Amendment did not apply to him. *Id.* at 7-8. Finally, Defendant asks the Court to strike Plaintiff's claim for punitive damages with respect to the state law medical malpractice claim because Plaintiff did not comply with Fla. Stat. § 768.72 before asserting the claim for punitive damages. *Id*. at 8-10.[2]

In response, Plaintiff asserts that his complaint clearly states "a civil rights violation[]" and that "this case falls under the U.S. Constitution not a state medical malpractice claim." Dkt. 28 at 1. He characterizes this case as implicating a "14th

---

[2] In a footnote, Defendant states that there "may" be a split of authority in the Middle District of Florida as to the applicability of Fla. Stat. § 768.72 "in a federal civil rights suit." Dkt. 16 at 9 n.2. Thus, "in an abundance of caution," he asks the Court to strike Plaintiff's claims for punitive damages with respect to all causes of action. *Id.* Assuming that this footnote was intended as a request for relief, the Court notes that there is no current split in the Middle District of Florida on this point. As discussed below, Plaintiff's only claim is a federal claim under 42 U.S.C. § 1983. Thus, federal law applies to his claims for punitive damages. *Morris v. Crow*, 825 F. Supp. 295, 298 (M.D. Fla. 1993) (citation omitted). Section 768.72 does not apply to state law claims brought in federal court, let alone to standalone federal claims. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 1999), *affirming in relevant part and vacating on other grounds*, 184 F.3d 1292, 1297-99 (11th Cir. 1999) (Section 768.72 does not apply to a state claim before a federal court pursuant to its diversity jurisdiction because it conflicts with Fed. R. Civ. P. 8(a)(3)); *Callaway v. Bell*, No. 6:05-cv-1569-Orl-18DAB, 2006 WL 1232826, at *4 & n.7 (citations omitted) (extending rationale of *Cohen* to state law claims brought in tandem with federal § 1983 claims) (M.D. Fla. May 8, 2006); *Morris*, 825 F. Supp. at 298 (Section 768.72 does not apply where plaintiff brings suit solely under § 1983 and alleges no state claims). The case relied upon by Defendant to establish the "split" involved both federal and state law claims and, in any event, was decided before *Cohen*. *See Fletcher v. Florida*, 858 F. Supp. 169, 173-74 (M.D. Fla. 1994). Accordingly, any request to strike Plaintiff's request for punitive damages as to his § 1983 claim is denied.

Amendment due process violation and an 8th Amendment cruel and unusual punishment violation under 28 U.S.C. § 1983, not state law." *Id.* He explains, "Plaintiff cites the standards under the 14th Amendment are identical to those under the 8th Amendment." *Id.* Finally, he reiterates that "his claim is not pursuant to state statute." *Id.* at 2.

Construing Plaintiff's *pro se* complaint liberally and with due consideration for the explanation provided in his response to the motion to dismiss, the Court concludes that Plaintiff did not intend to assert a state law medical malpractice claim in his complaint. Instead, he intended only to pursue a federal civil rights claim under 42 U.S.C. § 1983. Thus, Defendant's motion to dismiss the medical malpractice claim, to stay this action pending Plaintiff's completion of the required pre-suit investigation, and to strike Plaintiff's demand for punitive damages as to his state law medical malpractice claim is due to be denied.[3] The Court warns Plaintiff, however, that—having denied that he is pursuing a state law medical

---

[3] This disposition is consistent with the Court's treatment of a similar claim made by Plaintiff in another case, *Mayhew v. Velez*, 5:18-cv-00240-Oc-35PRL, Dkt. 42 at 3-5 (M.D. Fla. Nov. 27, 2018) (denying defendant's motion to dismiss state law medical malpractice claim in part because Plaintiff's opposition to motion stated that his claims arose under the Constitution and 42 U.S.C. § 1983, not state law). Plaintiff's specific mention of "medical negligence" in the text of the complaint in this case does not, as Defendant argues (Dkt. 16 at 2 n.1), materially distinguish this case from *Velez*. Notably, Plaintiff's handwritten civil cover sheet in *Velez* (which was filed as a part of his amended complaint) checked boxes for "negligence-medical" and "medical malpractice." *Velez*, Dkt. 15 at 9. Regardless, Plaintiff has now disavowed any reliance on a state law medical malpractice theory of relief.

malpractice claim—he will not be allowed to revive such a theory later in this litigation.

Likewise, construing the complaint liberally and in conjunction with Plaintiff's response brief, the Court concludes that Defendant's motion to dismiss Plaintiff's Eighth Amendment claim is due to be denied because Plaintiff is not bringing a standalone Eighth Amendment claim. Defendant argues that any claim based on the Eighth Amendment should be dismissed because Plaintiff was a pretrial detainee at all times relevant to the complaint.[4] Defendant is, of course, correct that the Eighth Amendment does not technically apply to pretrial detainees. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citations omitted). Instead, the Fourteenth Amendment's Due Process clause governs the treatment of pretrial detainees. *Id.* The minimum standard for providing medical care to a pretrial detainee is, however, as Plaintiff points out in his response, "identical to the minimum standard required by the Eighth Amendment for a convicted prisoner." *Gilimore v. Hodges*, 738 F.3d 266, 271 (11th Cir. 2013). Accordingly, the Court construes Plaintiff's complaint as bringing a § 1983 claim for violations

---

[4] Plaintiff did not dispute this assertion in his response to the motion to dismiss. Moreover, the Court can take judicial notice of the proceedings in Plaintiff's state court criminal case. *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of docket sheet in state court criminal proceeding provided via a county's online system). Marion County, Florida, court records reveal only one criminal case for Plaintiff, and the record for that case shows that Plaintiff was convicted on September 14, 2018—after this lawsuit was filed. *See* https://www.civitekflorida.com/ocrs/app/search.xhtml, search for Timothy Mayhew, then click on docket for Case No. 422014CF002708CFCXXX (last visited Mar. 14, 2019).

of the Fourteenth Amendment's Due Process clause, which claim will ultimately be governed by standards that are identical to those applied to Eighth Amendment claims. Because Plaintiff has not attempted to proceed on a standalone Eighth Amendment theory, Defendant's motion to dismiss any Eighth Amendment claim is due to be denied.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss plaintiff's complaint, motion to stay case pending pre-suit medical malpractice investigation, and motion to strike claim for punitive damages (Dkt. 16) is denied.

**DONE AND ORDERED** at Tampa, Florida, on March 15, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, pro se